J-A07023-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARIO ESTEBAN AYALA | : | |
| | : | |
| Appellant | : | No. 876 MDA 2023 |

Appeal from the Judgment of Sentence Entered May 18, 2023
In the Court of Common Pleas of Berks County
Criminal Division at No(s):  CP-06-CR-0001128-2020

BEFORE:   STABILE, J., SULLIVAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY SULLIVAN, J.:          **FILED: MAY 31, 2024**

Mario Esteban Ayala ("Ayala") appeals from the judgment of sentence imposed following the revocation of his probation.  Additionally, Ayala's counsel ("Counsel") has filed a motion to withdraw from representation and a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).  Upon review, we grant Counsel's motion to withdraw and affirm the judgment of sentence.

In July 2021, Ayala pleaded guilty to one count each of indecent assault and corruption of minors.[1]  The charges arose from Ayala's sexual assault of his girlfriend's four-year-old daughter.  The trial court subsequently found Ayala to be a sexually violent predator ("SVP") and sentenced him to fifteen

_____

[*] Former Justice specially assigned to the Superior Court.

[1] **See** 18 Pa.C.S.A. §§ 3126(a)(7) and 6301(a)(1)(i).

to thirty-six months of incarceration to be followed by four years of probation. The trial court gave Ayala credit for seven hundred eighty-five days of time served.

In January 2023, Ayala was placed on probation and signed his conditions of probation, as well as special sex offender conditions of probation. *See* N.T., 5/18/23, at 4; Commonwealth's Brief at 3 n. 1. In March 2023, Ayala tested positive for cocaine and admitted to using alcohol, both violations of his probation. *See* N.T., 5/18/23, at 4. Ayala's State Probation Agent, Mike Balatincz ("Agent Balatincz"), also found pornography on Ayala's cell phone in violation of his sex offender probation conditions. *See id*. at 5. Lastly, despite Agent Balatincz's warning to Ayala to stop communicating with the victim's mother, Ayala continued to do so. *See id*.

At his violation of probation hearing in May 2023, Ayala admitted to violating his probation. After hearing testimony from Berks County Adult Probation Officer Tayris Munoz ("Officer Munoz") and Agent Balatincz, as well as statements from the Commonwealth, Counsel, and Ayala, the violation-of-probation court sentenced Ayala, in accordance with Officer Munoz's recommendation, to eighteen to forty-eight months of incarceration, to be followed by four years of probation. Ayala filed a post-sentence motion, which the court denied. The instant appeal followed.

In response to the trial court's order for a Pa.R.A.P. 1925 concise statement, Counsel submitted a statement of intent to file an *Anders* brief

pursuant to Pa.R.A.P. 1925(c)(4). The violation-of-probation court issued a statement *in lieu* of an opinion stating because of Counsel's intent to file an **Anders** brief, it "respectfully request[ed Ayala's] appeal be denied." Statement *in Lieu* of Opinion, 7/20/23, at 2 (unnumbered). Counsel subsequently filed an **Anders** brief in this Court, asserting Ayala's appeal is frivolous and requesting permission to withdraw from representation. Ayala has not filed a response.

We first address Counsel's application to withdraw. **See Commonwealth v. Daniels**, 999 A.2d 590, 593 (Pa. Super. 2010) ("When presented with an **Anders** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw."). Before being permitted to withdraw pursuant to **Anders**, counsel must satisfy certain procedural and substantive requirements. **Commonwealth v. Tejada**, 176 A.3d 355, 358 (Pa. Super. 2017). Procedurally, counsel must:

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the [**Anders**] brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

*Id*. at 359 (citation omitted). Substantively, counsel is required to file an **Anders** brief, in which counsel must:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state

counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

Counsel has complied with *Anders*'s procedural and substantive requirements. Counsel states in his motion to withdraw he found Ayala's issue to be frivolous after conducting a thorough review of the record. *See* Motion to Withdraw as Counsel, 11/15/23, at 2 (unnumbered). Counsel attached to his application a copy of the letter he sent to Ayala, in which Counsel advised Ayala he could retain private counsel or proceed *pro se*. *See id*. at Ex. A; *see also Commonwealth v. Millisock*, 873 A.2d 748, 752 (Pa. Super. 2005). Counsel also provided Ayala with a copy of the *Anders* brief, which summarizes the facts and procedural history, includes the issue that could arguably support Ayala's appeal, and explains Counsel's assessment of why the issue is frivolous. Accordingly, we review the issue presented in Counsel's *Anders* brief. We also conduct an independent review of the record to determine whether Ayala's appeal is in fact wholly frivolous. *See Santiago*, 978 A.2d at 358; *see also Commonwealth v. Dempster*, 187 A.3d 266, 272 (Pa. Super. 2018) (*en banc*) ("part and parcel of *Anders* is our Court's duty to review the record to insure no issues of arguable merit have been missed or misstated.").

Counsel's *Anders* brief presents the following issue:

Whether the [violation-of-probation] court abused its discretion by considering impermissible factors at sentencing and imposing an excessive sentence on [Ayala] when the sentence imposed is inconsistent with the protections of the public, the gravity of the offense, the impact on the victim, and the rehabilitative needs of [Ayala?]

*Anders* Brief at 8.

Ayala challenges the discretionary aspects of his sentence. *See id*. at 17-23. "[I]t is within our scope of review to consider challenges to the discretionary aspects of an appellant's sentence in an appeal following a revocation of probation." *Commonwealth v. Ferguson*, 893 A.2d 735, 737 (Pa. Super. 2006). A challenge to the discretionary aspects of a sentence "must be considered a petition for permission to appeal." *Commonwealth v. Best*, 120 A.3d 329, 348 (Pa. Super. 2015) (citations and internal citation omitted). This Court must determine:

(1) whether the appeal is timely; (2) whether [the defendant] preserved [the] issue; (3) whether [the defendant's] brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.

*Commonwealth v. Edwards*, 71 A.3d 323, 329–330 (Pa. Super. 2013) (citation omitted). Only where an appellant has met all four elements of the test will we review a challenge to the discretionary aspects of sentence. An additional requirement for review of such a claim is that "issues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing

proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived." ***Commonwealth v. Cartrette***, 83 A.3d 1030, 1042 (Pa. Super. 2013) (*en banc*) (citation omitted).

As noted above, Ayala timely appealed. His brief includes a Pa.R.A.P. 2119(f) concise statement. ***See Anders*** Brief at 16. Regarding a substantial question, Ayala asserts the violation-of-probation court considered impermissible factors at sentencing, resulting in an excessive sentence. ***See id***. at 17. Specifically, Ayala claims the court inappropriately considered statements from the Commonwealth regarding the plea negotiations in the underlying case and about Ayala's prior conviction in another county. ***See id***. at 20. This claim presents a substantial question. ***See Commonwealth v. Allen***, 24 A.3d 1058, 1064-65 (Pa. Super. 2011) ("[A] claim that a sentence is excessive because the trial court relied on an impermissible factor raises a substantial question."). Finally, an appellant waives a challenge to the discretionary aspects of sentence not raised in a post-sentence motion and may not raise it for the first time on appeal. ***See Commonwealth v. Bradley***, 237 A.3d 1131, 1138-39 (Pa. Super. 2020) (claim waived where not specifically raised in post-sentence motion); ***see also*** Pa.R.A.P. 302(a).

Although Ayala filed a timely post-sentence motion, he argued only that the Commonwealth incorrectly claimed he was in violation of his probation by being in contact with the victim's mother when his plea agreement allowed for

such contact; he did not assert the trial court's reliance on an impermissible sentencing factor. *See* Post-Sentence Motion, 5/24/23, at 3 (unnumbered).

An appellant waives a challenge to the discretionary aspects of sentence not raised in a post-sentence motion and may not raise it for the first time on appeal. *See Bradley*, 237 A.3d at 1138-39 (claim waived where not specifically raised in post-sentence motion); *see also* Pa.R.A.P. 302(a). Here, because Ayala did not raise the specific "impermissible factor" challenge he raises in the instant appeal in his post-sentence motion, he waived it, precluding review.

Even if Ayala had preserved his issue, however, it would be frivolous. Our standard of review of a discretionary sentencing claim is well-established:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Bankes*, 286 A.3d 1302, 1307 (Pa. Super. 2022) (citation omitted).

Upon revoking probation, a sentencing court may choose from any of the sentencing options that existed at the time of the original sentencing, including incarceration. *See* 42 Pa.C.S.A. § 9771(b). "[U]pon revocation [of probation] . . . the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence."

*Commonwealth v. Infante*, 63 A.3d 358, 365 (Pa. Super. 2013) (internal quotation marks and citations omitted).  However, 42 Pa.C.S.A. § 9771(c) provides that once probation has been revoked, a sentence of total confinement may only be imposed if any of the following conditions exist:

> (1) the defendant has been convicted of another crime; or
>
> (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or
>
> (3) such a sentence is essential to vindicate the authority of the court.

42 Pa.C.S.A. § 9771(c).

Here, the record demonstrates the court considered the testimony of Officer Munoz and Agent Balatincz, Ayala's admissions and statement, and the arguments of counsel in imposing Ayala's sentence.  *See* N.T., 5/18/23, at 10.  Despite being on probation for two months, Ayala used drugs and alcohol, downloaded pornography to his phone, and remained in contact with the mother of the victim, all violations of the conditions of his probation.  Thus, a sentence to total confinement was necessary to vindicate the authority of the court.  While the Commonwealth referenced the underlying plea negotiations and Ayala's prior conviction in another county, the violation-of-probation court never mentioned them in sentencing, and we see nothing of record to support Ayala's claim the court relied upon those statements in imposing the sentence requested by Officer Munoz.  *See id*. at 3, 5-6, 10-11.  Thus, even if not waived, Ayala's discretionary aspects of sentence claim would not merit relief.

*See*, *e.g.*, *Commonwealth v. Raven*, 97 A.3d 1244, 1254-55 (Pa. Super. 2014) (defendant's sentences were neither unreasonable nor excessive where "record reflects that the [sentencing] court carefully considered all of the evidence presented at the sentencing hearing.").

Finally, our independent review of the record reveals no arguably meritorious issues Ayala could raise on appeal. *See Dempster*, 187 A.3d at 272. Accordingly, we grant Counsel's application to withdraw and affirm Ayala's judgment of sentence.

Application to withdraw from representation granted. Judgment of sentence affirmed.

Judgment Entered.

_____
Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/31/2024